warrant, without any special appointment. But it is said that, although they may have been authorized to execute the warrant, they were merely agents or servants of the marshal, and were not, within the meaning of the law, officers of the United States. A little consideration of the laws of congress will show that a deputy marshal is an officer of the United States, authorized to serve process; and, if he be such officer, so authorized, resistance to him is prohibited by the act of congress in question. The marshal has power, as there shall be occasion, to appoint one or more deputies, who are removable from office by the judge of the district court or the circuit court sitting in the district, at the pleasure of either. Act Sept. 24, 1789 (1 Stat. 87) § 27. If a deputy marshal can be removed from office, he is an officer before he is so removed, for, he cannot be removed from office unless he is an officer; and, as he has power to serve process, he is an officer of the United States empowered to serve process. Upon the death of the marshal, his deputies continue in office, unless otherwise specially removed, until another marshal is appointed and sworn. Act Sept. 24, 1789 (1 Stat. 87) § 28. Every marshal or his deputy, when removed from office, has power notwithstanding his removal, to execute all such precepts, as are in his hands at the time of such removal. Id. Marshals and their deputies have the same powers, in executing the laws of the United States, that sheriffs and their deputies in the several states have, in executing the laws of the several states. Act Feb. 28, 1795, § 9 (1 Stat. 425). When a witness is material on the trial of a criminal case, a judge is authorized to issue a warrant, directed to the marshal or other officer authorized to execute criminal and civil process, to arrest such witness and carry him before such judge. Act Aug. 8, 1846, § 7 (9 Stat. 74). These several laws show that deputy marshals are officers of the United States, authorized to serve process. There may be persons who, in certain cases, are authorized to serve process, who may not be officers of the United States. In certain cases a private individual may serve process—as, when a marshal or his deputy is a party. In such cases, writs and precepts are to be directed to such indifferent persons as the court, or any justice or judge, may appoint. Act Sept. 24, 1789, § 28 (1 Stat. 87). This last provision also shows that congress deemed deputies of the marshal to be officers of the United States. Ryer and Horton, therefore, being, as charged in the indictment, deputies of the marshal, were officers of the United States, authorized to serve process, within the meaning of the act of congress in question.

The result is, that the facts necessary to constitute the offence created by the act of congress in question. are sufficiently charged in the indictment. The motion to quash must, therefore, be disallowed.

## Case No. 16,527.

UNITED STATES v. TOBACCO.

[See Case No. 16,106a.]

## Case No. 16,528.

UNITED STATES v. TOBACCO FACTORY.

[13 Int. Rev. Rec. 91; 1 Dill. 264.] [1]

District Court, W. D. Arkansas. May Term, 1870. [2]

INDIAN COUNTRY—JURISDICTION OF UNITED STATES — CONSTITUTIONAL LAW — TREATIES — INTERNAL REVENUE LAWS.

1. The Indian country is within the jurisdiction of the United States, and congress may extend all laws within the constitutional limits of municipal legislation over the same.

2. The internal revenue laws imposing taxes on manufactured tobacco are in force in the Indian country.

3. Though a treaty is the law of the land, under the constitution of the United States, congress may abrogate it, so far as it is a municipal law, provided its subject-matter is within the legislative power of congress.

[Cited in Buckner v. Street, Case No. 2,098.]

4. So much of article 10 of the treaty of July 19, 1866 [14 Stat. 801], between the United States and the Cherokee Nation as is repugnant to the provisions of the act of congress of July 20, 1868 [15 Stat. 125], imposing taxes on manufactured tobacco, is thereby abrogated.

J. H. Huckelberry, U. S. Dist. Atty., W. G. Whipple, and E. D. Ham, for the United States.

Jesse Turner and Granville Wilcox, for claimant.

CALDWELL, District Judge. This is an information against a tobacco manufactory, established and carried on in the Cherokee Nation, in the Indian Territory. The claimant, E. C. Boudinot, alleges that he is a Cherokee Indian, and claims that he has a right to establish and carry on the business of manufacturing and selling tobacco in the Indian country, without complying in any respect with the provisions of the internal revenue laws on that subject. This claim is urged upon three grounds: First, that it is not competent for congress to extend any portion of the internal revenue laws over the Indian country; second, that section 107 of the act of July 20, 1868, nor any other provision of that act, was intended to extend such laws over that country; third, that if that was the intention of the act of July 20, 1868, it cannot have that effect, because it would be inconsistent with article 10 of the treaty of July 19, 1866, between the Cherokee Nation and the United States.

1. Counsel for claimant have argued that the Cherokees are a nation of people independent of the United States, and possessing all the rights of an independent sovereign power, except in so far as they have surren-

---

[1] [1 Dill. 264, contains only a partial report.]

[2] [Affirmed in 11 Wall. (78 U. S.) 616.]